JUSTICE ALBIN, concurring.
I gladly join the Court's opinion, which realigns our court rule with the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, in cases involving determinations about pretrial detention. I write separately in the hope that the Court, through its administrative process, will soon address an issue indirectly raised in these appeals.
**180 The CJRA imposes a presumption against detention for all crimes other than murder and those offenses exposing a defendant to a term of life imprisonment. N.J.S.A. 2A:162-18(b) ; N.J.S.A. 2A:162-19(b)(1) to (2). The Court's decision-making *931 framework (DMF) requires pretrial service officers to recommend detention solely based on crimes, such as first-degree robbery, for which there is a presumption in favor of pretrial release under the CJRA. The conflict between the Court's DMF (recommending detention for first-degree robbery) and the CJRA (requiring a rebuttable presumption favoring pretrial release for that offense) came into sharp focus in this case through our now-defunct court rule. That rule stated that the trial court "may consider as prima facie evidence sufficient to overcome the presumption of release a recommendation by the Pretrial Services Program." R. 3:4A(b)(5). The pretrial services recommendation, through the court rule, could have operated to undermine the rebuttable presumption favoring pretrial release. The reformatted rule now instructs our trial courts that they "may take into account information about the factors listed in N.J.S.A. 2A:162-20" in determining whether the State has rebutted the presumption in favor of pretrial release. Ante at ----, --- A.3d ----. That is a great improvement because it places on our trial courts the ultimate responsibility of making individualized risk-based assessments.
However, raised indirectly in defendant Travis's arguments and more directly by amicus curiae the ACLU is the issue of the validity and wisdom of the current DMF. As the ACLU puts it, "the DMF recommend[s] detention, solely based on the charged offense, even when the Legislature has determined that the charged offense is due a presumption of release." The ACLU continues, "[t]he Judiciary acts properly in making recommendations about conditions of release, as long as those suggestions do not create de facto presumptions of detention." The rule change removes the arguable de facto presumption of detention that concerned defendant and the ACLU. Nevertheless, the DMF still has a lingering effect. Our trial courts must still "provide an explanation ... that authorizes the eligible defendant's release"
**181 when a pretrial services officer recommends detention based solely on the type of offense for which the CJRA gives the benefit of a rebuttable presumption in favor of pretrial release. See N.J.S.A. 2A:162-23(a)(2).
I hope that the seeming incongruity between the CJRA and the DMF gives cause for an administrative reconsideration of the current version of the DMF. Importantly, today's thoughtful and well-reasoned decision brings into balance the CJRA and our court rule.